IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

MARK MEYERS, in his own right
and on behalf of others similarly situated;

    Plaintiff,

v.                                          CIVIL ACTION NO    5:19-cv-00162

BLUESTONE INDUSTRIES, INC., and
JILLEAN L. JUSTICE,
JAMES C. JUSTICE III and
JAMES T. MILLER, individually

    Defendants.

## COMPLAINT

1.    The Plaintiff Mark Meyers is a resident of West Virginia and was at all times relevant hereto.

2.    The Defendant Bluestone Industries, Inc. ("Bluestone" hereinafter) is a West Virginia Corporation licensed to do business in West Virginia and doing business in West Virginia.

3.    The Defendant Jillean L. Justice holds the office of Director for the Defendant Bluestone and is responsible for ensuring that employees of Defendant Bluestone are paid in accordance with state and federal law.

4.    The Defendant James C. Justice III holds the offices of Director and President for the Defendant Bluestone and is responsible for ensuring that employees of Defendant Bluestone are paid in accordance with state and federal law.

5.    The Defendant James T. Miller holds the offices of Secretary and Treasurer for the Defendant Bluestone and is responsible for ensuring that employees of Defendant Bluestone are

paid in accordance with state and federal law.

6. Under 36 U.S.C. § 1331, this Court has original jurisdiction as the Plaintiff has brought claims under the Fair Labor Standards Act. This Court has personal jurisdiction over Bluestone as it is a domestic corporation conducting business in this State and within the geographic boundaries of this Court's jurisdiction. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b)(1), (c)(2).

7. At all relevant times, Plaintiff and others like him were employed by Defendant Bluestone.

8. The Plaintiff was issued a payment for wages earned while working for Bluestone on June 28, 2018. This payment was not by a conventional "paycheck."

9. The Defendant Bluestone's wage payment to the Plaintiff was electronically wired to the Plaintiff's bank account, resulting in a wire transfer fee being charged to the Plaintiff. This wire transfer fee reduced the wages the Plaintiff received. The Plaintiff did not agreed to a reduction of his wages from Defendant Bluestone for this electronic transfer.

10. Since the June 28, 2018 wage payment, all of this Plaintiff's wage payments from the Defendant Bluestone have incurred a wire transfer fee, resulting in the Plaintiff not receiving all of the wages that the Plaintiff earned during each pay period.

11. The Defendant Bluestone "wired" the Plaintiff his wage payment due to the Defendant Bluestone repeatedly issuing tangible paychecks that would be returned for non-sufficient funds. Many employees of the Defendant Bluestone could not get their Bluestone paychecks "cashed" at their bank due to the ongoing issue that Bluestone checks were "bouncing".

12. The Plaintiff did not ask for nor did the Plaintiff consent to, the reduction of his wage payments in the amount of the wire transfer fee. The Plaintiff contends that he should not

have his wages reduced and be forced to pay a wire transfer fee each pay period to receive his wages. The Defendant Bluestone has not offered to pay the Plaintiff's wire transfer fee so as to pay the Plaintiff all of the wages that the Plaintiff earned.

13. Defendant Bluestone is an "Employer" as that term is defined by the West Virginia Wage Payment and Collection Act, ("WVWPCA") W.Va. Code § 21-5-1 et. seq., and the Fair Labor Standards Act, ("FLSA") 29 USC § 201, et. seq. *See* W.Va. Code § 21-5-1; 29 USC §203,

14. Plaintiff and his co-workers are "Employees" as that term is defined by the WVWPCA, W.Va. Code § 21-5-1, and FLSA, 29 U.S.C. § 203.

15. Bluestone has violated the terms of the aforementioned Acts by failing to issue proper
and full payments to its employees, including this Plaintiff and his co-workers and has caused them to incur wire transfer fees.

16. The Defendants' acts set forth above were intentional, willful, wanton, and malicious.

17. The Plaintiffs and their co-workers have suffered and continue to suffer harm as a result of the Defendants' conduct.

18. The individual Defendants should be personally liable for the conduct of their company Bluestone that they direct, control and effectuate the actions of the Defendant Bluestone. Further, the individual Defendants have been unjustly enriched by failing to ensure that adequate monies were deposited into the corporate bank account for

## CLASS ACTION ALLEGATIONS

This Plaintiff incorporates and restates all of the above and further pleads:

19. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Plaintiff brings

this action against the said Defendants, individually, and on behalf of a class of all West Virginia residents who were due wages under the West Virginia Wage Payment and Collection Act and Fair Labor Standards Act from the Defendants and who had to pay an electronic transfer fee and did not receive all of the wages that they earned.

20. Upon information and belief, the members of the class are in the hundreds, possibly thousands and, as such, are too numerous to be practicably joined.

21. There are numerous questions of law or fact common to the class including the resolution of the factual and legal claims raised herein.

22. The claims of the named Plaintiff are typical of the claims of the class.

23. The named Plaintiff and his undersigned counsel will fairly and adequately protect the interests of the class.

24. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendant.

25. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26. The individual Defendants Jillean L. Justice, James C. Justice III, and James T. Miller, are individually jointly and severally liable as they are officers and directors of the Defendant and who have knowledge and taken individual actions to not properly pay Bluestone employees under the West Virginia Wage and Payment Act.

27. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendants and for the Plaintiff and the Class on the Complaint providing for the following:

1. Compensatory damages for the general and special damages;

2. Statutory, liquidated, and treble damages provided for in the West Virginia Wage Payment and Collection Act and the Fair Labor Standards Act respectively;

3. Punitive damages for the intentional, willful, wanton, oppressive, malicious and/or reckless conduct of the Defendant;

4. An award of interest, costs, and attorney fees;

5. All other relief determined by the Court to be just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

PLAINTIFF

BY COUNSEL

/s Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P1200
Charleston, WV 25301
Phone: 304-346-2889
Fax: 304-346-2895

And

Anthony M. Salvatore (WVSB 7915)
Greg A. Hewitt (WVSB 7457)
Hewitt & Salvatore, PLLC
204 North Court Street
Fayetteville, WV 25840
Phone: 304-574-0272
Fax: 304-574-0273